# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3821 | **DATE** | 10/30/2003 |
| **CASE TITLE** | | Embry vs. Barnhart | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [33-1] is granted in the amount of $10,188.96, which shall be payable to plaintiff's attorney's firm, Daley, DeBofsky & Bryant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 31 2003 | 37 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/30/2003 | |
| | | courtroom deputy's initials | 03 OCT 30 PM 4:52 | date mailed notice | |
| | GR | | Date/time received in central Clerk's Office | GR mailing deputy initials | |

| | |
|---|---|
| WILLIE EMBRY,<br>    Plaintiff, | Cause No. 02 C 3821 |
| v. | Magistrate Judge Geraldine Soat Brown |
| JO ANNE B. BARNHART, Commissioner<br>of Social Security,<br>    Defendant. | |

## MEMORANDUM OPINION AND ORDER

On July 18, 2003, the court granted the motion for summary judgment filed by Plaintiff Willie Embry, which challenged the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for social security benefits. *Embry v. Barnhart*, No. 02 C 3821, 2003 WL 21704425 (N.D. Ill. July 18, 2003). [Dkt 31.] At the same time, the Commissioner's cross motion for summary judgment was denied and the case was remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[1] Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Dkt 33.]

The EAJA provides that the prevailing party in a civil action against the United States is entitled to attorneys' fees where the government's position was not "substantially justified," there are no "special circumstances [to] make an award unjust," and the fee application is submitted within thirty days of entry of the final judgment. 28 U.S.C. § 2412(d); *United States v. Hallmark Const. Co.*,

---

[1] Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

37

200 F.3d 1076, 1078-79 (7th Cir. 2000). In addition to obtaining fees and costs related to litigation of the underlying matter, a plaintiff is also entitled to the reasonable fees incurred in preparing the EAJA petition itself. *Commissioner, INS v. Jean*, 496 U.S. 154, 162-163 (1990). In this case, Plaintiff is a prevailing party because his case was remanded pursuant to sentence four of the Social Security Act. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). For the following reasons, Plaintiff's motion is granted and he is awarded the amount of $10,188.96 pursuant to the EAJA.

The Commissioner does not argue that the government's position in litigating this case was substantially justified; any such argument would not be successful. As described in the opinion granting Plaintiff summary judgment, there were significant problems in the conduct at the hearing held by the Administrative Law Judge ("ALJ") as well as with the ALJ's opinion. In all, Plaintiff prevailed on four out of five issues he presented for review.[2]

Instead, the Commissioner objects to the amount of attorneys' fees and costs claimed by the Plaintiff, arguing that the hourly rates his attorney charged for a paralegal and law clerk, as well as the total number of hours claimed, are excessive. Under the EAJA, a prevailing plaintiff may obtain "reasonable attorney fees . . . based upon prevailing market rates for the kind and quality of the services furnished" not to exceed "$125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has the burden to establish the reasonableness of requested fees and costs. *Harris v. Barnhart*, 259

---

[2] The court upheld the Plaintiff's assignments of error regarding: 1) the ALJ's determination of Plaintiff's residual functional capacity ("RFC"); 2) the ALJ's disregard of the opinion of a consulting examiner ("CE") in favor of the RFC presented by the state doctors who did not examine the Plaintiff; 3) the ALJ's determination regarding Plaintiff's ability to perform his past work; and 4) the ALJ's failure to comply with SSR 96-7p regarding Plaintiff's credibility about his pain. Plaintiff's fifth assignment of error was not addressed because it concerned an issue that might not arise on remand.

F. Supp. 2d 775, 782 (E.D.Wis. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 423, 437 (1983)). Although the *Hensley* court interpreted the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, courts in this circuit (including *Harris*) have applied its reasoning to the EAJA. *See Harris*, 259 F. Supp. 2d at 782. In *Hensley*, the Court set out a twelve-factor test for evaluating the reasonableness of attorneys' fees:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

461 U.S. at 430 n. 3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Additionally, the court may take into account whether an award of fees will help further the purpose of the EAJA to encourage private counsel to take on representation of disability clients. *See, e.g., Sullivan v. Hudson*, 490 U.S. 877, 883 (1989). Congress was concerned "that persons may be deterred from seeking a review of . . . unreasonable governmental action because of the expense involved in securing the vindication of their rights." *Id.* (citation omitted). The Commissioner's objections are analyzed in light of these standards.

*1. Hourly Rate*

Plaintiff's attorney requests an hourly rate of $146.25 for work he performed in 2002 and

$147.50 for 2003, based on a cost of living adjustment made according to the Consumer Price Index, as allowed in this district. *See, e.g., Willis v. Barnhart*, No. 99 C 3437, 2002 WL 31779907 at *3 (N.D. Ill. Dec. 11, 2002) (Coar, J.); 28 U.S.C. § 2412(d)(2)(A)(ii). The Commissioner does not dispute the hourly rate requested by Plaintiff's attorney, and it is accepted for this decision.

The Commissioner does object to the hourly rate of $100.00 that Plaintiff requests for the work done on this case by his attorney's law clerk (a second year law student) and a paralegal. While observing that the government welcomes the use of law clerks and paralegals as a cost-effective alternative to ever increasing attorney's fees, the Commissioner contends that the Plaintiff has failed to justify his request or demonstrate that $100.00 per hour is the prevailing rate for paralegals or law clerks performing this type of work. (Def.'s Resp. Pl.'s Pet. at 2.) The Commissioner cites to an unpublished minute order in *Brennan-Kenyan v. Barnhart*, No. 02 C 4230 (N.D. Ill. July 16, 2003) (Levin, M. J.), as demonstrating that the appropriate rate is no more than $85.00 per hour for paralegals. (Def.'s Resp. Pl.'s Pet. at 2; Ex. 1.) The plaintiff in *Brennan* was represented by the same attorney as the plaintiff here. However, the order setting the paralegal rate at $85.00 per hour does not provide any explanation for why that rate was awarded.

Plaintiff offers several arguments in support of a rate of $100.00 per hour. First, Plaintiff cites the so-called *Laffey*[3] Matrix (the "Matrix"), which is a chart showing the hourly rates for attorneys of various experience levels and for paralegals and law clerks as prepared by the Civil

---

[3] *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The Matrix shows prevailing hourly rates for the Washington, D.C. area and is updated yearly by accounting for cost of living increases as measured by the Consumer Price Index for All Urban Consumers for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year. It is available at *www.usdoj.gov/usao/dc/laffey/laff0314.html*.

4

Division of the United States Attorney's Office for the District of Columbia. (Pl.'s Resp. Supp. Fee Pet. at 4; Ex. B). The notes accompanying the Matrix explain that it "is intended to be used in cases in which a 'fee shifting' statute permits the prevailing party to recover 'reasonable' attorney's fees." (*Id.* at Ex. B, Explanatory Note 1.) The Matrix shows that the prevailing rate for law clerks and paralegals in Washington, D.C. is $100.00 per hour.

The application of the Matrix to this situation is questionable. The notes state that it is to be used in cases involving fee shifting under 28 U.S.C. § 2412(b), but not in cases "in which the hourly rate is limited by statute." *Id.* (citing 28 U.S.C. § 2412(d)). As noted above, attorneys' rates are limited by § 2412(d)(2)(A). However, paralegal and law clerk rates are not set out in the statute. Thus, there appears to be no reason why the Matrix may not be used at least as a guide to the type of rate the government regularly accepts for paralegal and law clerk work. The Matrix describes rates for the Washington, D.C. area; neither party has cited a corresponding Matrix for the Chicago area.

Plaintiff also cites *Wilson v. Principi*, 16 Vet. App. 509, 511 (2002), *reconsideration denied,* 17 Vet. App. 19 (2003) (per curiam)[4], where the court approved a rate of $90.00 per hour for non-attorney EAJA fees; again, that rate was specific to Washington, D.C. *Bankston v. State of Illinois,* 60 F.3d 1249, 1255-56 (7th Cir. 1995), also cited by Plaintiff, held that a partner in a small firm may be compensated at the same rate as one in a large firm, even though a large firm might employ less expensive associates to perform the work instead. It does not suggest, however, that a paralegal may

---

[4] *Wilson* was superseded by a statute which placed the decision of what amount to award non-attorneys requesting fees under the EAJA for work performed on behalf of veterans in the hands of the United States Court of Appeals for Veterans Claims. Veterans Benefit Act of 2002, Pub. L. No. 107-330 § 403, 116 Stat. 2820, 2832 (Dec. 6, 2002).

be compensated at a rate appropriate for a licensed attorney.

Finally, Plaintiff submits several surveys of billing rates for paralegals and law clerks showing that in the region including Chicago, paralegal rates range from $60.00 to $120.00 per hour, with an average of $85.00. (Pl.'s Resp. Supp. Fee Pet., Ex. C.) Plaintiff points out that these surveys include Illinois and surrounding states, and argues that a paralegal working in downtown Chicago should expect to be billed out at the high end of the spectrum. Plaintiff also points to a survey by the Illinois Paralegal Association suggesting that $110 would be an appropriate rate for the law clerk's time, and $125 would be an appropriate rate for the paralegal's time. (Pl.'s Resp. Supp. Fee Pet., Ex. D.)

After considering all of the above information, as well the guidance provided by the EAJA, which specifies a $125 rate limit for attorneys, it appears that an hourly rate of $95 for Plaintiff's law clerk and paralegal is appropriate. This rate takes into account the fact that the paralegal and law clerk who worked on this case are located in the comparatively-expensive market of Chicago, and compensates Plaintiff's attorney in a reasonable amount for his cost-efficient approach to staffing this case.

2. *Number of Hours Expended*

The Commissioner also objects to the amount of time Plaintiff's attorney and staff spent on this case, a total of 88.72 hours (including time spent on the reply brief supporting the fee petition). Plaintiff's attorney spent 33.47 hours on the case and his paralegal and law clerk worked on the case for 55.25 hours. Commissioner contends that this is a "relatively routine, disability case, with a transcript containing only 374 pages." (Def.'s Resp. Pl.'s Pet. at 3.) The Commissioner also argues

that Plaintiff's attorney's use of a paralegal and law clerk to perform much of the substantial legal work did not result in a savings for the government because the law clerk was new to her position, and thus spent more time working on the briefs than an experienced clerk (or attorney) would have. (*Id.* at 4.) The Commissioner argues that not only did the law clerk spend too many hours working on the briefs herself (25 for the main brief and 16.3 for the reply brief), Plaintiff's attorney also spent too many hours reviewing the clerk's work (3 for the main brief and 4.5 on the reply brief). (*Id.*)

The Commissioner cites cases concluding that a reasonable amount of time to spend on a social security case is 20-40 hours. *See, e.g., Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n. 2 (C.D. Cal. 2000) (collecting cases indicating that 20-40 hours is a reasonable benchmark for fee petitions). None of the cases to which Commissioner cites are from this circuit, and relevant local cases have approved fee petitions for 54.2 hours and 54.3 hours. *See Harris v. Barnhart*, 259 F. Supp. 2d 775, 783 (E.D. Wis. 2003) (approving a fee petition of 54.3 hours and citing *Hendersen v. Barnhart*, 205 Fed. Supp. 2d 999 (E.D. Wis. 2002), slip. op. at 14, and *Dominguese v. Barnhart*, No. 99 C 596, 2002 U.S. Dist. LEXIS 14600 at *18 (E.D. Wis. July 12, 2002).[5]

This court finds that the number of hours claimed in Plaintiff's fee petition is not unreasonable. To start, this was not a "routine" case. As discussed in the opinion remanding the case, the way the administrative hearing was conducted and the state of the record made understanding this case complicated and time-consuming, even for the court. The transcript of the hearing was difficult to follow because, in addition to certain transcription errors, the ALJ persisted in cutting off Plaintiff's testimony and injecting his own commentary into the proceeding. *See*

---

[5] In *Harris*, the court approved a total of $7,483.98 in fees for 53.6 hours of work over the course of three different years. All of the fees were paid at the maximum allowed attorney rate, adjusted for cost of living increases.

*Embry*, 2003 WL 21704425 *1 nn. 3, 4. Furthermore, the ALJ's opinion contained factual errors that had to be identified and checked against the record. *Id.* at *7. Thus, it is unsurprising that it took Plaintiff's attorney more than the "usual" number of hours to research and complete the briefs in this case.

Additionally, Plaintiff presented five separate issues for review, four of which resulted in determinations in his favor, among them an issue involving the Social Security regulations to which the Commissioner's brief made no response. *Id.* at *9. Each of these issues needed to be separately researched, cited, and drafted into the final briefs. Plaintiff's attorney, who had not represented him during the administrative proceedings, did an admirable job with a difficult record, resulting in a favorable outcome for his client. He spent a relatively small amount of time reviewing the work of his law clerk. That time is not duplicative or simply "proofreading" as the Commissioner suggests. (Def.'s Resp. Pl.'s Pet. at 4-5.) The attorney who signs a document filed with the court has ultimate responsibility for the document, to the court as well as to the client. Time must necessarily be spent by that attorney carefully reviewing the draft document before he can affix his signature. The court finds that all of the time was appropriately spent.[6]

Finally, Plaintiff's attorney is also entitled to be compensated for the time drafting the EAJA petition and reply brief. Thus, adjusting the paralegal and law clerk rate to $95.00 per hour, Plaintiff's attorney is entitled to a fee award in the amount of $10,188.96, consisting of 12.82

---

[6] Commissioner argues that part of Plaintiff's EAJA application is identical to an application Plaintiff's attorney submitted in another case. Plaintiff responds that the only similarities arise in the section discussing the legal standards for review of social security determinations; the portions of the briefs describing the facts and applying those facts to the law are different.

8

attorney hours at $146.25 per hour in 2002 ($1,874.93)[7], 20.65 attorney hours at $147.50 in 2003[8] ($3,045.88), 55.05 hours[9] of paralegal and law clerk time at $95.00 per hour ($5,229.75), and $38.40 in costs.[10]

Plaintiff's EAJA application is granted in the amount of $10,188.96. Pursuant to Plaintiff's agreement with his counsel, that amount shall be payable to Plaintiff's attorney's firm, Daley, DeBofsky & Bryant.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

DATED: October 30, 2003

---

[7] Plaintiff incorrectly calculates this amount as $1,872.00.

[8] This amount includes time spent on the original motion for summary judgment as well as time spent working on the EAJA petition itself.

[9] That excludes 0.2 hours of law clerk time to account for the need to re-file a corrected copy of one of the original summary judgment briefs.

[10] Plaintiff's reply brief contains an apparent error. Plaintiff's final computation of the total requested added $753.25 for the reply brief to $9,230. (Pl.'s Resp. Supp. Fee Pet. at 10.) The actual amount previously requested by Plaintiff was $9,728.03 (Pl.'s Pet. at 6), making the total amount requested, including fees for work on the reply brief, $10,481.28.